**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Concord Servicing Corporation, | No. CV 12-0438-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| JPMorgan Chase Bank, N.A.; Whitney National Bank; Standard Chartered Bank, | |
| Defendants. | |

Pending before the Court is Defendant Whitney National Bank's ("Whitney") Motion to Dismiss. (Doc. 28). The Court now rules on the Motion.

**I.    BACKGROUND**

Plaintiff is an Arizona corporation. (Doc. 1-1 at 2). Whitney is a regional banking institution based in Louisiana. (Doc. 24 at 2). Plaintiff alleges that between 2009 and 2011, Victor Aguilar fraudulently indorsed 221 checks ("Checks") that had been intended for the customers of Plaintiff's clients. (Doc. 1-1 at 3-6). Plaintiff further alleges that Whitney accepted some portion of the Checks for processing. *Id.* at 6. Plaintiff argues that accepting the Checks for processing, and presenting them to Defendant JPMorgan Chase Bank for payment, was negligent. *Id.* at 9.

Whitney now moves to dismiss Plaintiff's claim against it, arguing that this Court lacks personal jurisdiction over Whitney. (Doc. 28 at 1-2).

## II. LEGAL STANDARD

### A. BURDEN OF PROOF

When a defendant moves prior to trial to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the district court determines the method of resolving the jurisdictional issue. *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977). If the parties have submitted only written materials, the plaintiff "must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss." *Id.*

### B. PERSONAL JURISDICTION

In the absence of a federal statute governing the existence of personal jurisdiction, a federal court applies the personal jurisdiction law of the state in which the court sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Arizona's long-arm statute provides that an Arizona court may exercise personal jurisdiction over a nonresident defendant to the maximum extent permitted under the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Uberti v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995).

The Due Process Clause requires that a nonresident defendant have certain minimum contacts with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation omitted). Due process protects a defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Omeluk v. Langsten Slip & Batbyggeri*, 52 F.3d 267, 270-71 (9th Cir. 1995) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)).[1]

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales*

---

[1] A defendant may also choose to waive his due process rights and consent to personal jurisdiction. *See Burger King*, 471 U.S. at 472 n.14.

*de Columbia v. Hall*, 466 U.S. 408, 414-15 nn.8-9 (1984) (citations omitted). General jurisdiction exists when a defendant has "continuous and systematic" contacts with the forum state. *Id.* at 415 (quoting *Perkins v. Benquet Consol. Mining Co.*, 342 U.S. 437, 445 (1952)); *see also Data Disc*, 577 F.2d at 1287. A state may exercise specific jurisdiction over a defendant lacking continuous and systematic contacts if the controversy is related to or arises out of the defendant's contacts with a forum state. *See Helicopteros Nacionales*, 466 U.S. at 414 (internal quotation omitted). In evaluating whether an exercise of specific jurisdiction is proper, courts focus on the "relationship among the defendant, the forum, and the litigation." *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). The inquiry evaluates the "nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc*, 577 F.2d at 1287.

The Ninth Circuit applies a three-prong test to determine whether a defendant's contacts with the forum state are sufficient enough that an exercise of personal jurisdiction comports with due process. *See Schwarzenegger*, 374 F.3d at 802.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)); *see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The plaintiff bears the burden of satisfying the first two prongs of this test, *Schwarzenegger*, 374 F.3d at 802, and is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). Once the plaintiff has made this showing, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (citing *Burger King*, 471 U.S. at 476-78).

The first prong of the three-part specific jurisdiction test requires the plaintiff to

establish either that the defendant purposefully availed himself of the privilege of conducting activities within the forum state or that he purposefully directed his activities toward the forum state. *Id.* Availment and direction are distinct concepts, with availment being the standard for suits based in contract and direction the standard for suits based in tort. *Id.* Here, Plaintiff's claim against Whitney is for negligence, so the Court will apply the purposeful direction standard.

The second prong of the Ninth Circuit's test for specific jurisdiction, whether the claim arises out of or relates to the defendant's forum-related activities, is a "but for" test. *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001); *see also Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). The claim arises out of the defendant's forum-related activities if, but for the contacts between the defendant and the forum state, the cause of action would not have arisen. *Id.* at 924.

Once a plaintiff has shown that the first two prongs of the test are satisfied, a court presumes that the exercise of personal jurisdiction is reasonable. *Ballard*, 65 F.3d at 1500 (citing *Sher v. Johnson*, 911 F.2d 1357, 1364 (9th Cir. 1990)). The burden then shifts to the defendant to show a compelling case that the exercise of jurisdiction would be unreasonable. *Id.*; *Schwarzenegger*, 374 F.3d at 802 (citing *Burger King*, 471 U.S. at 476-78).

**III.   DISCUSSION**

    **A.   SPECIFIC JURISDICTION**

Plaintiff asserts that Whitney's actions in processing the Checks give this Court specific jurisdiction over Whitney. Applying the first part of the Ninth Circuit test for specific jurisdiction, Plaintiff does not meet its burden of demonstrating that Whitney purposely directed its actions toward Arizona. The three-part *Calder* effects test, taken from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), is used to evaluate purposeful direction. Under this test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

- 4 -

To satisfy the first requirement of the effects test, it is enough that a defendant performed "an actual, physical act in the real world." *Schwarzenegger*, 374 F.3d at 806. The defendant need not have intended "to accomplish a result or consequence of that act." *Id.* Here, Whitney's acceptance and presentment of the Checks to Defendant Chase constitutes an intentional act. Thus, the first prong of the *Calder* test is satisfied.

"The second part of the *Calder*-effects test requires that the defendant's conduct be expressly aimed at the forum." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010). As a general principle, express aiming requires more than "'untargeted negligence' that merely happened to cause harm to [a plaintiff]." *Schwarzenegger*, 374 F.3d at 807 (quoting *Calder*, 465 U.S. at 789). The "requirement is satisfied 'when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Menken v. Emm*, 503 F.3d 1050, 1059 (9th Cir. 2007) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)); *see also Bancroft*, 223 F.3d at 1087 (concluding that "'express aiming' encompasses wrongful conduct individually targeting a known forum resident").

Here, Plaintiff fails to show that Whitney's alleged wrongdoing was expressly aimed at Plaintiff. Whitney's alleged negligence arose in the normal course of banking. (Doc. 28 at 4). Plaintiff does not allege that Whitney's allegedly wrongful conduct individually targeted Plaintiff or that Whitney was even aware that Plaintiff was an Arizona resident when it processed the Checks. Moreover, Courts generally have rejected the idea that a nonresident bank's processing of a check connected to the forum state gives rise to specific jurisdiction. *See Resolution Trust Corp. v. First of Am. Bank*, 796 F. Supp. 1333, 1337 n.3 (C.D. Cal. 1992) (collecting cases). Plaintiff thus has failed to make a prima facie showing of purposeful direction, the first prong of the three-part test for specific personal jurisdiction. This Court therefore need not proceed to the remaining two prongs. Plaintiff has not shown that Defendants have sufficient minimum contacts with Arizona such that this Court's exercise of specific personal jurisdiction would comport with Defendants' due process rights.

**B.    GENERAL JURISDICTION**

Plaintiff also asserts that this Court may have general jurisdiction over Whitney. Plaintiff argues that it be allowed to conduct jurisdictional discovery in order to show that Whitney has continuous and systematic contacts with Arizona in the form of depositors or borrowers. The Third Circuit Court of Appeals, as Plaintiff argues, has confirmed general jurisdiction over an out-of-state bank based partly on the presence of depositors and outstanding loans within the forum state. *See Provident Nat'l Bank v. California Fed. Sav. & Loan*, 819 F.2d 434 (3d Cir. 1987) (cited in *Ballard*, 65 F.3d at 1499). There, however, the out-of-state bank maintained a zero balance account with a bank within the forum. *Id.* at 438. That account involved daily communication and transactions between the banks, and was "a continuous and central part of [the out-of-state bank's] business." *Id.*

Here, Whitney has affirmed that it had no such relationship with an Arizona bank, nor any offices or direct operations in Arizona. (Doc. 28-2). Plaintiff merely alleges that a portion of Whitney's activities is traceable to Arizona. Perhaps general jurisdiction would exist if that portion were sufficiently large. *See Lakin v. Prudential Sec.*, 348 F.3d 704 (8th Cir. 2003) (Jurisdictional discovery allowed where a ten million dollar loan portfolio in the state implied multi-year lending relationships with "hundreds, if not thousands of [forum] residents"). But there is no evidence of any business between Whitney and Arizona. Plaintiff essentially requests the Court allow it to conduct a fishing expedition in the hope of discovering some fact upon which general jurisdiction might be based. Without some foundation for this request, the Court will not grant it. *See Terracom*, 49 F.3d at 562 ("Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery.") (quoting *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)).

**IV.    CONCLUSION**

The Court thus finds that it has neither specific nor general personal jurisdiction over Whitney. The Court also finds that Plaintiff has failed to articulate a sufficient basis for allowing jurisdictional discovery.

Accordingly,

**IT IS ORDERED** granting Whitney's Motion to Dismiss. (Doc. 28).

DATED this 16th day of July, 2012.

_____
James A. Teilborg
United States District Judge